UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ignacio R.,

        Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Immigration and Customs Enforcement; U.S. Department of Homeland Security; Daren K. Margolin, *Director for Executive Office for Immigration Review*; Executive Office for Immigration Review; David Easterwood, *Field Office Director of Enforcement and Removal Operations, Saint Paul Field Office*; Eric Tollefson, *Warden of Kandiyohi Jail, Minnesota*;

        Respondents.

File No. 26-CV-245 (JMB/EMB)

**ORDER**

Lucy Egberg, Davis and Egberg, Minneapolis, MN, for Ignacio R.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, Immigration and Customs Enforcement, U.S. Department of Homeland Security, Daren K. Margolin, Executive Office for Immigration Review, and David Easterwood.

      This matter is before the Court on Petitioner Ignacio R.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].)

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, Immigration and Customs Enforcement, U.S. Department of Homeland Security, Daren K. Margolin, Executive Office for Immigration Review, and David Easterwood (together, Respondents) oppose the Petition. For the reasons explained below, the Court grants the Petition in part.

## FINDINGS OF FACT

1.  Ignacio R. is a native and citizen of Mexico who entered the United States without inspection in 2001. (Pet. ¶¶ 37–38.)

2.  Respondents detained Ignacio R. on December 10, 2025. (*Id.* ¶ 40.)

3.  On January 13, 2026, Ignacio R. filed a Petition for Writ of Habeas Corpus. (Pet.) Ignacio R. seeks a bond hearing pursuant to 8 U.S.C. § 1226(a). (*Id.* at 36.) Ignacio R. also seeks a variety of additional relief from the Court, including a declaration that Respondents' action is arbitrary and capricious and that Ignacio R.'s detention absent a bond hearing violates the Due Process Clause of the Fifth Amendment, as well as an award of attorney fees and costs pursuant to the Equal Access to Justice Act. (*Id.*)

4.  On January 14, 2026, the Court ordered Respondents to file a response to the Petition by January 16, 2026, at 11:00 a.m. (Doc. No. 3.) Respondents timely filed a response. (Doc. No. 4.)[2]

---

[2] The Response is signed by at attorney who has not noticed their appearance. Only attorneys who have been admitted to practice before this Court my file documents. D. Minn. L.R. 83.5(e). In light of the Court's decision to grant the Petition, however, the Court declines to consider whether to strike the response.

## DISCUSSION

Respondents generally oppose Ignacio R.'s Petition, explaining that the Petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided" and that Respondents have appealed one such petition (*see Avila v. Bondi*, No. 25-3248 (8th Cir.)). (Doc. No. 4.) Respondents then incorporate by reference all of the arguments raised in the *Avila* appeal and request denial of the petition. (*Id.*) In this way, Respondents reiterate their argument that the detention of petitioners similarly situated to Ignacio R. is mandatory pursuant to 8 U.S.C. § 1225(b). As this Court has previously concluded, however, Respondents' interpretation lacks merit. For the reasons discussed below, the Court concludes that because section 1225(b) is not applicable to him, Ignacio R. is entitled to a bond hearing pursuant to section 1226(a)(1). The Court therefore grants Ignacio R.'s Petition.[3]

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it

---

[3] Because Ignacio R.'s arguments primarily concern his entitlement to a bond hearing, the Court determines that here, the bond hearing is the primary relief sought under 28 U.S.C. § 2241 and declines to address the remaining relief requested.

does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

The fundamental question raised in this case is whether Ignacio R. is an applicant for admission under section 1225(b), or a noncitizen residing in the United States under section 1226.[4] As in other cases, Respondents have argued that because Ignacio R. is a noncitizen who is present in the United States without having been admitted, he is an

---

[4] Ignacio R. argues that he is a member of the class certified under *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-1873, Doc. No. 92 (C.D. Cal. Dec. 18, 2025). (Pet. ¶¶ 1–6.) The *Maldonado Bautista* class includes:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Ignacio R. argues that as a class member, he is subject to that court's declaratory relief and final judgment holding that class members are not subject to mandatory detention and are instead entitled to a bond hearing under section 1226(a). (Pet. ¶¶ 1–6.) Although, based on the factual findings above, it appears that Ignacio R. meets the definition of a *Maldonado Bautista* class member, the Court does not address this in light of its independent determination that Ignacio R. is entitled to a bond hearing pursuant to section 1226(a).

4

"applicant" for admission under section 1225(b) and therefore subject to mandatory detention under section 1225(b)(2). Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present

5

participle "seeking." Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929). In this case, Ignacio R. has been residing in the United States and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, as Respondents urge, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice

6

of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)).

Therefore, because section 1225(b) is inapplicable to Ignacio R., he is subject to the provisions of section 1226, which "sets forth a discretionary process for the apprehension and detention of aliens who are already present in the United States and eligible for removal." *Selvin Adonay E.M. v. Noem*, No. 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *3 (D. Minn. Nov. 12, 2025). Pursuant to section 1226(a), Ignacio R. is entitled to a bond hearing. 8 U.S.C. § 1226(a)(1)(2); *see also Belsai D.S.*, 2025 WL 2802947, at *5–6; *Jose Andres R.E.*, 2025 WL 3146312, at *1 n.2. For these reasons, the Court finds that Ignacio R.'s detention is governed by section 1226(a), and he is not subject to section 1225(b)'s mandatory detention. Accordingly, the Court grants the Petition to the extent Ignacio R. seeks a bond redetermination hearing.[5]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED in part and DENIED in part, as follows:

1. Respondents must provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) on or before 5:00 p.m. CT on January 21, 2026.

2. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.

---

[5] The Court does not address the Petition's request for an award of fees and costs under the Equal Access to Justice Act; Ignacio R. may move separately for such relief within 30 days of final judgment in this action. 28 U.S.C. § 2412(d)(1)(B).

7

3. On or before <u>11:00 a.m. CT on January 22, 2026</u>, Respondents shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.

4. Respondents shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the District of Minnesota.

5. No other person or agency shall remove, transfer, or otherwise facilitate the removal of Petitioner from the District of Minnesota on Respondents' behalf.

6. To the extent Petitioner seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 16, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court